**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAY ALAN BOVINETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOMEADVISOR, INC., | ) |
| ANGI HOMESERVICES, INC., | ) |
| and HAWTHORNE DIRECT, LLC, | ) |
| | ) Case No.: 1:17-cv-06229 |
| Defendants. | ) |
| _____ | ) Hon. Harry D. Leinenweber |
| HOMEADVISOR, INC., | ) |
| | ) Magistrate Judge Daniel G. Martin |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JULIE TALLARIDA, | ) |
| and PLANET EARTH AGENCY, LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION TO WITHDRAW AS COUNSEL**

Defendant/third-party plaintiff HomeAdvisor, Inc. and defendant ANGI Homeservices, Inc. (together, "Defendants") submit their response in opposition to the Motion to Withdraw filed by Plaintiff's counsel, Mark H. Barinholtz and Melinda H. Schramm (together, "Plaintiff's Counsel").

The withdrawal of Plaintiff's Counsel at this late stage of the case would cause a significant and harmful disruption for the parties and the Court. *See Installation Software Techs., Inc. v. Wise Sols., Inc.*, No. 03 C 4502, 2004 WL 524829, at *8 (N.D. Ill. Mar. 5, 2004) ("When ruling on a motion to withdraw, a court may consider the disruptive impact that the withdrawal will have on the prosecution of the case."). This harm outweighs any potential

- 1 -

issues, however significant, Plaintiff's Counsel have with continuing as counsel of record. *See* Dkt. No. 128.

First, the withdrawal of Plaintiff's Counsel at this critical stage would potentially derail or delay an orderly conclusion to the lawsuit. *See, e.g.*, *Installation Software Techs.*, 2004 WL 524829, at *8. Plaintiff's Counsel have represented Plaintiff since the filing of this case nearly two years ago, in August 2017. *See* Dkt. No. 1. They were Plaintiff's counsel when the Court dismissed eight of Plaintiff's fourteen original claims, along with two defendants (Dkt. No. 43); when the Court dismissed eleven of Plaintiff's fourteen amended claims, along with one defendant, with prejudice (Dkt. No. 95); and throughout discovery, which closed last month following the completion of significant written discovery and four fact depositions. Plaintiff's Counsel also represented Plaintiff through several discovery and pleadings disputes centered upon the propriety of Plaintiff's interrogatory responses and filings made in Court which Defendants have brought to the Court's attention and which are still pending. Having expended significant resources and energy to reach this point, Defendants are now preparing their motion for summary judgment on Plaintiff's three remaining claims. Defendants are hopeful that, after nearly two years of defending legally and factually baseless claims, a final dismissal with prejudice under Rule 56 is on the horizon. The withdrawal of Plaintiff's Counsel at this stage threatens to delay this already-prolonged case even longer, and to potentially erase progress the litigants have made over this period.

Second, the withdrawal of Plaintiff's Counsel at this critical stage would also harm Plaintiff. On April 24, 2019, when Defendants' counsel last contacted Plaintiff's Counsel concerning the Motion to Withdraw, Plaintiff's Counsel represented that Plaintiff had not, to

their knowledge, obtained new counsel.[1]  If this remains true, Plaintiff will be required to represent himself *pro se* in the midst of summary judgment briefing—possibly the most inopportune time for an individual to go without counsel.  *See Barbee v. L. Fish Furniture Co.*, No. 1:05-CV-00550-JDT-TAB, 2006 WL 3201938, at *2 (S.D. Ind. May 4, 2006) (denying motion to withdraw where "[a]llowing Plaintiff's counsel to withdraw at this juncture would put the Plaintiff in the difficult situation of unexpectedly having to stave off an imminent summary judgment motion without the benefit of counsel who has represented her throughout this matter.").  Permitting Plaintiff's Counsel to withdraw at this juncture would be unfair to Plaintiff and, by extension, Defendants and the Court.  *See Brown v. City of Fort Wayne*, No. 1:09-CV-150, 2011 WL 3423783, at *2 (N.D. Ind. Aug. 4, 2011) (noting that withdrawal leaves "[t]he court and the opponent [with] the task of educating the *pro se* party about applicable law and procedure, and often about the weaknesses in [her] case").

Finally, withdrawal is particularly unwarranted here as Plaintiff may struggle to obtain new counsel in light of the unfavorable record Plaintiff's Counsel have created to date: the Court has already granted, in full, two omnibus motions to dismiss; granted a motion to compel that revealed numerous allegations to be false; and entered and continued Defendants' Motion for Sanctions, Attorney's Fees, and Costs (*see* Dkt. No. 127).  This, in conjunction with the deposition testimony identified in Defendants' concurrently filed supplement to their sanctions motion, would make any prospective new counsel question the value and validity of Plaintiff's claims.  *See Wachovia Sec., LLC v. NOLA, LLC*, No. 05 C 7213, 2008 WL 11395778, at *7 (N.D. Ill. July 9, 2008) (denying motion to withdraw where the party's "task of retaining substitute counsel might prove to be difficult, as any subsequent lawyer would be taking the case

---

[1] Plaintiff's Counsel failed to confirm, as requested, whether they had even spoken to Mr. Bovinett since filing the Motion to Withdraw on April 9, 2019.

simply to make a point, with little hope of payment"). This is especially true in that all that remains to be litigated are Defendants' requests for sanctions and fees, and summary judgment/trial on a set, unfavorable factual record.

In short, requiring Mr. Bovinett to proceed *pro se* or obtain new counsel at this late stage of the case would prejudice not only Mr. Bovinett, but also Defendants and the Court. The Motion to Withdraw should be denied.

Dated:  April 30, 2019        Respectfully submitted,

By  */s/ Evan M. Rothstein*
Evan M. Rothstein
Patrick B. Hall
Alexandra D. Jones
**Arnold & Porter Kaye Scholer LLP**
370 Seventeenth Street, Suite 4400
Denver, CO  80202-1370
Telephone:  +1 303.863.1000
E-mail: Evan.Rothstein@arnoldporter.com
          Patrick.Hall@arnoldporter.com
          Alexa.Jones@arnoldporter.com

Barry F. Irwin
Christopher D Eggert
**Irwin IP LLC**
222 S. Riverside Plaza, Suite 2350
Chicago, IL  60606
Telephone: +1 312.667.6095
E-mail: birwin@irwinip.com
          ceggert@irwinip.com

*Counsel for HomeAdvisor, Inc. and ANGI Homeservices, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2019, the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL** was served via the Court's ECF system on the following:

Mark H. Barinholtz
Melinda H. Schramm
**Mark H. Barinholtz, P.C.**
55 West Monroe Street, Suite 3600
Chicago, IL 60603
E-mail: mark@mhbpc.com
melinda@mhbpc.com

*Counsel for Plaintiff*

Mark E. Leipold
Karin O'Connell
Justin W. Hanson
**Gould & Ratner LLP**
222 North LaSalle Street
Suite 800
Chicago, IL 60601
E-mail: mleipold@gouldratner.com
koconnell@gouldratner.com
jwhanson@gouldratner.com

*Counsel for Third-Party Defendants*

/s/ Tanya Huffaker
Tanya Huffaker